On Application for Rehearing
PER CURIAM.
In their application for rehearing the plaintiff and intervening taxpayers do not raise any questions but those fully considered and answered in the original opinion and in view of our conclusions and the correctness of our opinion we would ordinarily refuse the rehearing without a per curiam but in order to dispel the confusion that stems from the many erroneous statements that have been given widespread publicity we think a few factual observations are pertinent and necessary.
Counsel for the intervening taxpayers states in their brief: “The Court does not *594 question the clear and abundantly supported finding of the lower court that a 31/á mill tax will not only be sufficient to discharge all antecedent bonds and other obligations of the Board maturing in 1955, but will afford a balance of over $2,600,000 for the Board’s other operations.” This statement is ridiculous because the facts as disclosed by the record show that the 3}/£ mills will produce only $2,403,792 whereas the outstanding obligations exceed this amount by $1,320,537. The interest on the bonds is $194,475; the principal of matured bonds is $924,000; the Dock Board contract calls for $925,000; and the obligations of the Board under other outstanding contracts now due and owing is $1,676,854. The foregoing outstanding obligations alone amount to $3,724,329 without including the operating expenses of the Board, the works necessary to maintain the levee system and the development of Lakeshore.
In the dissenting opinion, upon which much of the erroneous publicity given this case is based, and upon which counsel for appellees rely strongly, it is stated that the evidence plainly exhibits, as found by the district judge, that the taxes which the Board will receive from the 3J^ mills plus its other income is not only sufficient to pay all of the fixed charges and other outstanding obligations but will actually leave a balance of $2,676,463. It is apt to ob-
serve that the dissenting opinion is based solely on the district judge’s conclusions. A mere perusal of the record shows that our learned brother below left out all of the operating expenses,[1] and necessary construction work, in other words he deleted the fixed charges of operation amounting to $1,185,000 and $3,705,000 for the necessary construction proposed in the budget or a total of $4,890,500. The observation of the trial judge that the budget was “unrealistic” might be better applied to his conclusions rather than to the budget for nowhere in the record is found any basis or support for his conclusions which would not only leave the Board with an insufficient amount of money to pay its outstanding obligations but would leave it without funds to operate, maintain a levee system, and develop the Lakeshore area, from which most of its other revenue is derived, and would in effect abolish the Levee Board. It would leave the bondholders without the necessary machinery set up in the Constitution to collect and retire the bonds.
The proposed budget of the Levee Board shows that the 3i^-mill tax together with all other revenue of the Board would leave a deficit of $537,183. Át the time the budget was prepared $1,676,854 was due on other outstanding obligations which *596 was inadvertently left out of the budget, when this amount is added to the deficit it would leave an actual deficit of $2,214,037. In fact the 5-mill tax with the other revenues of the Levee Board is not sufficient to cover the proposed expenditures and will leave a deficit of $1,173,432. These facts clearly show the fallacy of the erroneous statement that the 3¡/^-mill tax with the other revenues of the Board would produce a surplus.
The Levee Board produced competent testimony and various instruments to prove and establish the correctness of every item in the budget and the necessity of the work proposed therein. No evidence and not a single witness was produced to contradict the evidence and testimony presented by the Levee Board, consequently there is no room left for any speculation regarding this matter. Courts cannot substitute their personal opinion, not based on evidence and disregard the evidence contained in the record.. As pointed out in our original opinion the action of the Board is not subject to review unless there has been some palpable abuse. In the absence of any evidence to this effect we are not warranted in disturbing the discretion placed in the Board by the Constitution and laws of this State.
Another of the many erroneous contentions receiving widespread publicity is expressed in the brief of counsel for the intervening taxpayers that the effect of our original opinion is the authorization of the Board to assess annually a total of 81/£ mills. We merely held that the taxing power of the Levee Board was restricted insofar as levee work was concerned but the 5^mill taxing power was not curtailed insofar as the rights acquired by holders of bonds or other obligations may thereby be affected. The provision, that the amendment shall not affect or impair the rights already acquired by holders of bonds or other obligations of the Board already issued or incurred, undoubtedly refers to the taxing power of the Board at the time the bonds were issued or the obligations incurred and is designed to protect those rights, in other words, the rights acquired under a 5-mill taxing power.
It is obvious to us that those who were responsible for drafting the constitutional amendment were fully aware of the Federal and State constitutional provisions forbidding the impairment of obligations and expected the result we have reached. The fact that the people may have been induced to vote for the amendment because of the wording of the proposal is a matter over which we have no control under our triumvirate system of government.
The applications for a rehearing are refused.
HAMITER, J., concurs.
HAWTHORNE, J., dissents.

. Employees’ Retirement Fund — $40,000; Insurance (Eire, Compensation, Liability) —$30,000; Airport Expenditures — $90,-000; New Equipment — $50,000; Materials & Supplies — $150,000; ' Payrolls— $775,000; Miscellaneous — $50,000.-